{¶ 15} I respectfully dissent from the majority opinion.
 {¶ 16} The majority presumes the trial court's finding it lacked jurisdiction to rule on the constitutional issue of selective enforcement is premised on a deficiency in the record from the administrative review. I disagree. The trial court based its decision upon Karches v.City of Cincinnati (1988), 38 Ohio St.3d 12.[1]
 {¶ 17} The majority correctly notes a zoning appeals board is not competent to consider the constitutionality of a zoning regulation and original jurisdiction to test constitutionality lies in judicial review. Such review may occur via an administrative appeal pursuant to R.C.2506.01. However, that statute specifically recognizes the [administrative] appeal provided in Chapter 2506 is in addition to any other remedy of appeal provided by law. The other remedy to attack the constitutionality of a zoning ordinance is via a declaratory judgment action pursuant to R.C. 2721. Karches, supra at 15.
 {¶ 18} In a R.C. 2506 appeal, the trial court need not make an objective determination of the overall constitutionality of a zoning ordinance. Id. at 16. The task of the trial court is to determine whether the prohibition against the proposed use has any reasonable relationship to the legitimate exercise of police power by the township. Id. The trial court will view the constitutional issue only in light of the proposed specific use. Id. As noted by the trial court in its judgment entry, if the court finds the restriction against the proposed use valid, its inquiry ends. Id. In making such a limited determination, it is possible the existing zoning could be unconstitutional, but the zoning would not be declared unconstitutional because the prohibition against the specific proposed use is valid. Id.
 {¶ 19} In contrast, a declaratory judgment action challenges the constitutionality of an existing zoning ordinance. Id. The trial court properly limited its review of the constitutionality of the zoning ordinance in appellant's administrative appeal. Accordingly, I disagree with the majority's decision to remand this matter to the trial court to conduct a de novo hearing on the issue of selective enforcement and vagueness.
 {¶ 20} I would affirm the judgment of the trial court for the reasons set forth in its judgment entry.
[1] February 7, 2003 Judgment Entry at 2-3, unpaginated.